[Civ. No. 5023. Second Appellate District, Division One.—March 5, 1928.]

MILTON FEDER et al., Respondents, v. WREDEN PACK-ING & PROVISION COMPANY, INC. (a Corporation), Appellant.

666

Henry Schaefer, Jr., and Raymond V. Haun for Appellant.

W. I. Gilbert for Respondents.

HAHN, J., *pro tem.*—From a judgment for plaintiffs in an action of unlawful detainer defendant prosecutes this appeal.

By the terms of the lease which forms the basis of the action, the plaintiffs, as lessors, demised to the defendant, as lessee, certain floor space in plaintiffs' storeroom in Long Beach, which was to be occupied by the defendant in the

maintenance of one of its branch stores for the sale of fish, poultry, and meat products. The lease, dated January 30, 1923, was for a period of five years and provided for the payment of rental on a basis of seventy-five per cent of the net profits made by the defendant in this Long Beach store. The lease further provided that in arriving at the profit for the basis of determining the amount of rent, all produce and merchandise put in stock in the Long Beach store was to be inventoried at the actual cost prices to the defendant. The defendant maintained a main store or warehouse in Los Angeles where produce and merchandise were purchased in large quantities and then distributed in smaller lots to the various branches. The lease provided that with shipments to the Long Beach store invoice bills were to be issued showing the cost prices of all provisions or merchandise, and these invoice bills were to be used in the monthly computations which were provided for to determine the profit and the amount of rent to be paid for each month. The defendant was also required to keep an accurate set of books which would correctly show all moneys paid out and all moneys received in the conduct of the Long Beach store.

Apparently, the rentals were determined and paid in a manner satisfactory to the plaintiffs until July 31, 1924, when plaintiffs served a written notice on the defendant, the important portion of which reads as follows: "You will please take notice: That you are hereby required to quit and deliver up to the undersigned the possession of the premises now held and occupied by you . . . (Here follows a detailed description of the premises.) . . . this notice to quit and deliver up possession of said premises is given to you and based upon the fact that you have violated the following covenants in said indenture as follows, to-wit: 'That all meat or other merchandise placed in said storeroom by the Wreden Packing & Provision Company, Inc., shall be done so at a net price f. o. b. Long Beach; in other words, the original prices and billings to the Wreden Packing and Provision Company, Inc., from the packers shall be the price paid by the Long Beach store: That in arriving at the net profits the invoice bill shall be used as a basis for said figuring'; and specific violations of said covenants are as follows, to-wit: . . . " (Here follows certain itemized state-

ments of fish, poultry, and meat products that the plaintiffs allege were purchased at certain prices and billed to the Long Beach branch at prices in excess of cost prices during the months of November and December, 1923, and January, 1924.)

Upon the refusal of defendant to vacate the premises, plaintiffs brought this action in unlawful detainer, praying for judgment for restitution of the premises and also "for damages for the holding over by said defendant of said premises, in treble the amount of rent paid by said defendant during the period of such holding over," and for costs, etc. The complaint alleges the execution of the lease, the alleged violations of its provisions as to invoicing merchandise, and the giving of the notice hereinbefore referred to, but contains no allegation as to the amount of monthly rental that had been paid for the premises or the reasonable monthly rental value of the demised premises.

Findings of fact and conclusions of law follow the complaint, and judgment was awarded to the plaintiffs, giving them possession of the premises, and in addition a judgment for the sum of $1,500 for each month the premises were held over after the receipt of the notice "as damages for unlawful detention of the premises, being treble the amount of the monthly rental for said premises." The portions of the findings which we will hereafter have occasion to refer to read as follows:

### "IV.

"The Court finds that the defendant herein has violated the terms, conditions and covenants of said lease as set forth in paragraph III of plaintiffs' complaint, in that they have charged and caused to be charged to the Long Beach branch of their Company, a greater price than was actually paid for the same by the Wreden Packing & Provision Company, inc., and a list of said violations is as follows: . . . (Here follows the identical items as set forth in the complaint.)

"The court further finds that the violations of the terms and conditions and covenants of said lease as hereinbefore set forth, were because the defendant herein failed to keep proper books, records and accounts, and further finds that it is and was not possible for the violations of said terms, covenants and conditions of said contract to be adjusted, because

of the said failure of the defendant herein to keep proper books, records and accounts.

"The court further finds that in violation of said terms, and covenants, the defendants arbitrarily fixed prices upon which goods were to be charged to the Long Beach Branch and that the charges made against said Long Beach Branch were in excess of the price to be charged under and by virtue of the terms of said contract."

"VIII.

"The Court further finds that the rental value of said premises from and after said 4th day of August, 1924, and the time in which the defendant herein unlawfully detained the premises from said plaintiffs, is the sum of $500 per month; and further finds that the period of unlawful detainer by the defendant herein is from the 4th day of August, 1924, until possession is surrendered by said defendant to plaintiffs herein."

Appellant in urging a reversal of the judgment presents its contentions under five headings. Inasmuch as we have concluded that the judgment must be reversed, we will confine our discussions to the two points which we deem are determinative of our conclusion.

Appellant first contends that the complaint does not state a cause of action, and urges this primarily for the reason that the action being one of unlawful detainer, the notice and demand set forth in the complaint does not meet the requirements of section 1161 of the Code of Civil Procedure. ▇ It should be noted at this point that the lease contains no provision for forfeiture on the part of the lessee in the event of default in the payment of rent or performance of any covenant. Hence, the right to accomplish a forfeiture depends upon a strict compliance with the statute. (*Randol v. Scott*, 110 Cal. 590, 595 [42 Pac. 976].) ▇ The notice served upon the defendant and set forth in the complaint simply demands immediate possession of the premises, and bases this demand upon the claim that the defendant had violated certain provisions of the lease regarding the billing of provisions at cost to the Long Beach store. There is no claim made in the notice that by reason of the alleged violation of these provisions that the plaintiffs had not received the full rental they were entitled to under the lease or that there were any rentals remaining unpaid from the defend-

ant to the plaintiffs by reason of the billing of merchandise in excess of the cost price, nor does the complaint allege that the plaintiffs were in any manner injured or damaged so far as their rights under the lease were concerned by reason of the method of invoicing merchandise to the Long Beach store. ▇ Clearly, the provisions in the lease for bookkeeping and the invoicing of merchandise were of no importance to the defendant, except in so far as these methods of conducting the business would the better enable the computation of the profit for the purpose of determining the monthly rental to be paid: matters entirely secondary to the primary consideration for the lease—the payment of the rental. Hence, if the failure to keep accurate books and issue invoice bills as provided in the lease did not operate to the damage of the plaintiffs during the months of November, December and January, the three months of which plaintiffs complain, it would necessarily follow that plaintiffs have stated no cause of action.

▇ In order to sustain an action for unlawful detainer, section 1161 of the Code of Civil Procedure clearly requires that a notice first be given to the delinquent tenant, which notice shall prescribe specifically the amount of rent due or the covenant that has not been performed, and a further notice that in the event of the failure of the tenant to make payment of delinquent rent, or perform the defaulted covenant, the plaintiff will exercise his right under the law to regain possession of the premises. Clearly, the notice set forth in the complaint does not meet these requirements. (*Lacrabere* v. *Wise,* 141 Cal. 554 [75 Pac. 185]; *Silva* v. *Campbell,* 84 Cal. 420 [24 Pac. 316].)

Respondents in their brief seem to concede the weakness in the demand, and the lacking allegations in the complaint, as urged by the appellant, but undertake to avoid the consequent conclusion by urging:

▇ First, that the missing provisions will be read into the notice and complaint by implication where the necessary facts appear. But do the necessary facts appear either in the notice or in the complaint? We think not. The statement in the notice that provisions were invoiced at an amount in excess of their cost may support an inference that the figures arrived at in the monthly settlements in Novem-

ber, December, and January were incorrect so far as they determined the amount of the profit for those months. But there is nothing that would justify the implication that there was a profit made in the business during those three months and, of course, if there was no profit, there was no rent payable for those months. Nor do the facts set forth in the notice or complaint justify the implication that appellant had not paid every dollar which respondents were lawfully entitled to as rental under the lease for the three months specified.

And, secondly, respondents urge that the covenant violated was one that could not thereafter be performed, and hence under subdivision 3 of section 1161 of the Code of Civil Procedure, respondents were relieved from the legal requirement to include the alternative demand in their notice. The portion of the section referred to reads as follows: "Provided, if the conditions and covenants of the lease, violated by the lessee, cannot afterward be performed, then no notice, as last prescribed herein, need be given . . . " etc.

We cannot agree with respondents' contention that the violated covenants could not have been performed after notice. The written demand made by respondents for possession of the premises specified in detail the several lots of fish, poultry, and meat which during the three months involved were incorrectly invoiced and also set forth in detail the cost of the various items and prices at which they were incorrectly invoiced to the Long Beach store. Certainly, there would be encountered no difficulty in correcting the final results which had been previously obtained in computing the business for the months of November, December, and January, and if when the figures were so corrected they showed no profit for the months in question, there was then no rent owing and unpaid. If, however, the corrected figures disclosed a profit, surely the amount of rental remaining unpaid for the three months in question could be readily determined. Under these conditions the appellant was clearly entitled to a demand in the alternative as provided in section 1161 of the Code of Civil Procedure, before respondent would have the right to declare a forfeiture. To hold otherwise, would do violence to a principle of law that

has long been accepted as axiomatic—the law abhors forfeitures.

Nor can the fact be overlooked that the complaint is entirely devoid of any allegation that plaintiffs were injured or damaged in any amount by reason of the failure of appellant to correctly invoice the provisions received during the months in question. Plaintiffs' failure to claim in their complaint that defendant was owing any sum that was due for rental under the lease leaves but one inference, and that is that they had received all the rent from the defendant that they were legally entitled to.

■ Appellant's second point, that there is no allegation in the complaint to furnish a basis for the finding that the monthly rental value of the premises was $1,500, we think must be sustained. The complaint is wholly silent upon the subject of the amount of rental, whether as determined by the computations under the provisions of the lease or as to the reasonable rental value of the premises. Evidently, the trial court was somewhat apprehensive of the complaint on this point and suggested to plaintiffs' counsel that an amendment was desirable. Counsel evidently did not so conclude. The findings as to the rental value respond to no issue raised by the pleadings and hence cannot furnish support for the judgment for $500 per month for the premises and the trebling of that amount.

Other points are raised and discussed in the briefs by counsel for the respective parties, but, as we have already indicated, we do not deem it necessary to discuss other questions.

We are of the opinion that the judgment must be reversed, and it is so ordered.

Houser, Acting P. J., and York, J., concurred.