[Civ. No. 16070. First Dist., Div. Two. Sept. 7, 1954.]

E. A. TALIAFERRO, Appellant, v. ERNEST WAMPLER et al., Respondents.

E. A. Taliaferro, in pro. per., for Appellant.

Richard C. Johnston for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment entered after the court sustained a demurrer to his second amended complaint (hereinafter called the complaint) without leave to amend. Appellant appears in propria persona and the complaint gives every evidence of being the pleading of one who is not skilled in the law. It attempts to allege an action for injunction and damages against five defendants who are described collectively in the caption of the complaint as "Councilman of the City of San Pablo," the city

itself, and the defendant Youngberg, who is alleged in the body of the complaint to have occupied the position of building inspector at all times mentioned in the complaint up to and including October 29, 1951.

The complaint does not allege that any of the defendants is a councilman of the city of San Pablo, but we pass that fact. It alleges that the plaintiff is a taxpayer and resident of the city of San Pablo and the owner of a large number of parcels of real property therein. It alleges that defendants "upon numerous occasions . . . issued and caused to be issued illegally and unlawfully in violation of Ordinance No. 47 of the Ordinances of the City of San Pablo . . . known as an Ordinance Creating a Zoning Ordinance for the City of San Pablo . . . permits . . . to build buildings in violation thereof and to occupy and maintain buildings in violation thereof."

We note that the ordinance is not properly pleaded and hence cannot be considered a part of the complaint. If the pleader elects not to allege the adoption and effect of the ordinance in detail he must allege its title and the day of its passage. (Code Civ. Proc., § 459; *Simpson* v. *City of Los Angeles,* 40 Cal.2d 271, 277 [253 P.2d 464]; *City of Tulare* v. *Hevren,* 126 Cal. 226 [58 P. 530].) It is clear that the quoted allegation, even if the ordinance were properly pleaded, states no more than the pleader's legal conclusions. The same criticism applies to the succeeding allegation that the defendants "have failed, refused and neglected to enforce the provisions of said Ordinance."

Equally the conclusion of the pleader is the allegation as to defendant Youngberg that he "failed to carry out and enforce said provisions of Section (*sic*) 47 and the provisions of other local building requirements and regulations." The allegation on information and belief "that defendants have been guilty of numerous other violations of Section (*sic*) 47" not now known to plaintiff falls in the same category.

We now turn to three somewhat more specific allegations. (1) It is alleged that defendant Wampler built two houses on a described lot "in an area designated on the Zoning map made a part and parcel of said Ordinance No. 47 as R-1 said area being reserved for the building of single family residences one only to each parcel of land. That furthermore said Wampler had no permit whatsoever to build said houses upon said lot all of which was well known to the members of the City Council." (2) It is alleged that defendant Wampler

built a structure on another named lot "in violation of the specifications and regulations provided by the terms of the permit under which said building was constructed; that its foundation had no footing; that its plumbing was never inspected or tested; that as a matter of fact said Wampler refused to have said plumbing inspected or tested; that said building was constructed with an insufficient amount of doors to comply with local requirements for the prevention of fire hazard." As to these allegations it is again alleged that "all of the foregoing was well known to the other members of the City Council of San Pablo." (3) It is alleged that "defendants issued a permit for the construction and operation of the San Pablo Drive in Theater on Riverside Avenue" and "that the site and location of said theater was in an area reserved for the construction and maintenance of single family dwellings."

As to the allegations which we have designated "(1)," they suggest that defendant Wampler erected two buildings on a lot where the ordinance only permitted one. It is specifically alleged that he did this without any permit. The ordinance is not sufficiently pleaded as we have pointed out. There is no allegation of any active participation in this conduct by any other defendant but only that it "was well known to the members of the City Council." No ordinance placing any affirmative duty on the city council in this connection is alleged. The enforcement of city ordinances is not ordinarily a duty of the city council, but is rather placed upon administrative officers and the city attorney. The allegation of knowledge therefore does not even squint at a violation of any duty by the members of the city council.

The allegations which we have designated "(2)" are a mixture of legal conclusions, of allegations of fact coupled with legal conclusions that the facts constituted violations of the terms of the permit, of fact coupled with nothing to indicate any violation of law, and of fact with the legal conclusion of violation of "local requirements," the nature of the local requirements being unpleaded. It is obvious that these allegations do not state any facts which constitute a cause of action.

The allegations designated "(3)" allege the issuance of a permit by the defendants for the construction of a theater "in an area reserved for . . . single family dwellings." No ordinance is pleaded which authorizes or requires the issuance of permits by the city council and building permits

are not commonly issued by such a body. The respondent's attorney suggests, outside the record, that what the pleader is referring to is a variance permit, which is authorized by the terms of the zoning ordinance. It is not in terms alleged or attempted to be alleged that the permit was issued in violation of any ordinance. As pleaded it certainly states no cause of action against any defendant.

The complaint alleges that "the illegal acts and conduct of the defendants as aforesaid caused plaintiff to lose sales of his parcels of real property . . . and have likewise proximately caused a diminution in the market value of plaintiff's property . . . ," that he is suffering irreparable injury and would be required to bring a multiplicity of suits if compelled to sue at law for his injuries sustained. He alleges his damages as $50,000 and prays for an injunction against defendants and damages.

It is obvious that the demurrer was properly sustained since the complaint in its present form fails to state a cause of action against any of the defendants. The only question is whether it was an abuse of discretion for the trial court to refuse leave to amend. (Code Civ. Proc., § 472c.) The answer to this question is chiefly dependent on the probability of plaintiff being able to amend so as to state a cause of action. In weighing this probability we are entitled to consider not only the fact that he has not succeeded in three efforts in approaching the statement of a cause of action, but the further fact that there is nothing in his second amended complaint to suggest that he could bring himself within the class of persons entitled to relief in a case of the sort which he is attempting to plead. ▮ For an individual to be entitled to bring an action for the violation of a zoning or building ordinance he must show peculiar damage to himself different from that suffered by property owners generally. (*Smith* v. *Collison*, 119 Cal.App. 180, 184 [6 P.2d 277]; *Biber* v. *O'Brien*, 138 Cal.App. 353, 358, 361 [32 P.2d 425].)

▮ In view of all the circumstances we find no abuse of discretion in the court's refusal to permit appellant to amend his complaint for the third time. (*Werner* v. *Hearst Publications, Inc.*, 65 Cal.App.2d 667, 673 [151 P.2d 308].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.