[Civ. No. 23263. Second Dist., Div. Two. July 14, 1959.]

CHARLES W. HINMAN, Appellant, v. WILLIAM WAGNON, SR., et al., Defendants; SIERRA CREEK DEVELOPMENT COMPANY (a Corporation), Respondent.

Charles W. Hinman, in pro. per., for Appellant.

McCutchen, Black, Harnagel & Shea, George Harnagel, Jr., Frederick J. Kling and Jack T. Swafford for Respondent.

FOX, P. J.—Plaintiff appeals from a judgment of dismissal entered after defendant's[1] demurrer to plaintiff's second amended complaint for unlawful detainer was sustained without leave to amend.

The facts which give rise to this appeal are as follows: On May 16, 1957, plaintiff leased property at Lake Enchanto to the defendant; said lease was in writing and characterized by plaintiff as a "temporary" lease. Defendant failed to comply with various terms of the lease with respect to rental payments and other covenants. On or about July 14, 1957, plaintiff sent a written 10 days' notice of default to the defendant. Thereafter, on July 28, defendant was sent a written notice which contained, *inter alia*, the following:

"Your failure to make any payment, even under the temporary agreement, not considering your actual agreement, constitutes a default and grounds for termination of the lease or peacefully surrendering the property to the undersigned on demand, which demand is hereby made. Your failure to cure this default within the 10 days, in my opinion, terminates now all rights to possession of the property, without a ~~the~~ new ~~promised~~ written agreement or consent, even though payment might be made.

"You and each of you are hereby given notice, within 3 days after service on you of this notice to deliver up possession of any part of the premises of Lake Enchanto as set forth in a lease made and signed on the 16th day of May 1957, to the undersigned, or the undersigned will institute legal proceedings against you. . . .

"This notice is also given because of your failure to comply with the demands for checkers on gate, examination of records, particularly daily records, inventories of merchandise for sale, picnic reservations, amounts paid, etc."

On August 7, 1957, plaintiff commenced this action for unlawful detainer. Plaintiff was given leave to amend his original and first amended complaint after defendant suc-

---

[1]Although there were multiple defendants, this appeal involves only the defendant Sierra Creek Development Company, and reference in the opinion to "defendant" relates exclusively to Sierra Creek Development Company.

cessfully interposed demurrers thereto. Defendant's demurrer to plaintiff's second amended complaint, however, was sustained without leave to amend and a judgment of dismissal was entered. It is from this judgment that plaintiff appeals.

In order for a person to avail himself of the summary remedy of unlawful detainer, he must bring himself within the terms of the statute establishing such relief. (*Lawrence Barker, Inc.* v. *Briggs,* 39 Cal.2d 654, 661 [248 P.2d 897]; *Horton-Howard* v. *Payton,* 44 Cal.App. 108, 112 [186 P. 167].) Section 1161, Code of Civil Procedure, provides that a tenant of real property for a term less than life is guilty of unlawful detainer when he (1) remains in possession after the expiration of the term, or (2) continues in possession after default in the payment of rent and is served with a three days' notice, in writing, requiring its payment or possession of the property, or (3) continues in possession after a neglect or failure to perform other conditions or covenants of the lease and is served with a three days' notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, or (4) assigns, sublets, or commits waste upon the demised premises, contrary to the conditions or covenants of his lease, or maintains, commits, or permits the maintenance or commission of a nuisance upon the demised premises or uses such premises for an unlawful purpose, and is served with a three days' notice to quit.

The complaint in an action alleging an unlawful detainer must, of course, set forth the facts upon which the plaintiff predicates his right to recover. (Code Civ. Proc., § 1166.) In the instant complaint, plaintiff anchors his right of action on section 1161, subdivisions 2 and 3, in that, alleges plaintiff, defendant has defaulted in the payment of rentals and has not complied with other covenants of the lease. There are no allegations in the instant pleading which even remotely suggest that plaintiff sought recovery under the remaining provisions of section 1161.

It is well settled that the notice required under subdivisions 2 and 3 (where the condition or covenant assertedly violated is capable of being performed) must be framed in the alternative, viz., pay the rent *or* quit, perform the covenant *or* quit, and a notice which merely directs the tenant to quit is insufficient to render such tenant guilty of unlawful detainer upon his continued possession. (*Colyear* v. *Tobriner,* 7 Cal.2d 735, 742 [62 P.2d 741, 109 A.L.R. 191]; *Opera House etc.*

*Assn.* v. *Bert,* 52 Cal. 471, 472-473; *Hudson* v. *Zumwalt,* 64 Cal.App.2d 866, 874 [149 P.2d 457]; *Feder* v. *Wreden Packing etc. Co., Inc.,* 89 Cal.App. 665, 671 [265 P. 386].) ▮ As stated in the Feder case, at page 671, "In order to sustain an action for unlawful detainer, section 1161 of the Code of Civil Procedure clearly requires that a notice first be given to the delinquent tenant, which notice shall prescribe specifically the amount of rent due or the covenant that has not been performed, and a further notice that in the event of the failure of the tenant to make payment of delinquent rent, or to perform the defaulted covenant, the plaintiff will exercise his right under the law to regain possession of the premises."

▮ The notice which plaintiff served was not framed in the alternative, but merely required the defendant to surrender possession of the leased premises. The instant complaint, read in conjunction with the three days' notice, disdiscloses that plaintiff predicated his right of action on defendant's failure to pay rent and his neglect to perform covenants and conditions of the lease which were capable of performance at the time notice was served. Plaintiff's notice, therefore, did not comply with the requirements of section 1161, subdivisions 2 and 3, and as a consequence thereof, defendant's possession of the premises after service of said notice did not constitute unlawful detainer.

While it is true that plaintiff did not set forth the contents of the above notice in the pleading now under review, it was incorporated into his original complaint by reference and attached as an exhibit thereto. Had the same procedure been followed in the instant pleading, it is clear that no cause of action would have been stated, for it would have affirmatively appeared from the complaint that defendant had not been served with a proper notice. The only question, then, is whether we can, in reviewing the instant pleading, look to matters contained in an earlier complaint but omitted from the one presently under consideration. That such may be done is supported by ample authority. ▮ Facts once alleged in a verified pleading which render it vulnerable to demurrer cannot be withdrawn from the court's consideration by merely omitting them from an amended pleading without explanation. (*Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825]; *Pike* v. *Archibald,* 118 Cal.App.2d 114, 118 [257 P.2d 480].)

It is clear, therefore, that the second amended complaint did not state a cause of action under section 1161, subdivisions 2 and 3. ▆ Plaintiff argues, however, that he should be allowed to amend his complaint so as to bring his action under section 1161, subdivision 4. The notice thereunder required need not be framed in the alternative. However, plaintiff has at no time, either by his three days' notice or in any of his pleadings, suggested that defendant had assigned the lease or sublet the property, or had committed waste contrary to the conditions or covenants of the lease, or maintained a nuisance on the premises, or had used the property for an unlawful purpose. Plaintiff had three opportunities to state a cause of action; if he was of the belief that facts existed which brought his case under 1161, subdivision 4, it would have been a simple matter to allege such facts, but this he did not do. Under such circumstances, the trial court was justified in resolving the question of the probability of plaintiff's being able to state a cause of action adversely to him, and did not abuse its discretion by sustaining the demurrer without leave to amend. (*Potter* v. *Richards*, 132 Cal.App.2d 380, 385 [282 P.2d 113] ; *Taliaferro* v. *Wampler*, 127 Cal.App. 2d 306, 310 [273 P.2d 829].) As stated in *Dukes* v. *Kellogg*, 127 Cal. 563, 565 [60 P. 44] : ''[t]he failure to make a good pleading probably arises in a lack of facts rather than in the fault of the pleader.''

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied August 7, 1959, and appellant's petition for a hearing by the Supreme Court was denied September 11, 1959.