[Civ. No. 22562. First Dist., Div. Three. Apr. 25, 1966.]

WILSON B. BAUGH, Plaintiff and Respondent, v. CONSUMERS ASSOCIATES, LTD., Defendant and Appellant.

David A. Norwitt and Theodore M. Monell for Defendant and Appellant.

Wolver & Wolver and Eugene L. Wolver, Jr., for Plaintiff and Respondent.

SALSMAN, J.—Respondent filed a complaint in unlawful detainer against appellant. Service of summons was made upon the manager of appellant corporation, but no answer to the complaint was filed and appellant's default was entered. Appellant then moved to set aside the default, pursuant to Code of Civil Procedure section 473. It accompanied its motion with a copy of its proposed answer. The motion was denied. Thereafter the court entered judgment finding appellant guilty of unlawful detainer, forfeiting appellant's lease, granting respondent possession of the premises, and assessing damages for unlawful detainer in the amount of $20,700. Damages were trebled and judgment entered for $62,100, together with attorney's fees and court costs.

Appellant's primary contention on appeal is that respondent's complaint did not state a cause of action upon which any relief could be granted. We agree, and therefore reverse the judgment.

Appellant's proposed answer to the complaint, submitted in support of its motion to set aside the default, pleaded that respondent's complaint stated no cause of action, but as we have noted, that motion was denied and appellant's answer was therefore unfiled. We do not know how much emphasis was placed upon this point in the argument of appellant's motion, or whether the trial court considered it in any way, because the appeal here is on a clerk's transcript. It is settled, however, that a party may assert at any time that the complaint does not state a cause of action. (*Prichard* v. *Kimball*, 190 Cal. 757, 765 [214 P. 863]; *Berryman* v. *Quinlan*, 29 Cal.App.2d 608, 612 [85 P.2d 202].)

█ Respondent's complaint was labeled as one in unlawful detainer. It alleged that a lease was made between respondent and appellant covering described premises, and that appellant had agreed to pay not less than $3,000 per month as rent. It further alleged nonpayment of rent for the months of January and February, together with a written demand and notice to pay rent or quit. A copy of the notice was attached to the complaint and made a part of it. The complaint prayed for the relief granted in the court's judgment, which we have previously described.

The notice attached to respondent's complaint is headed "Notice to Pay Rent or Quit". It is addressed to appellant and refers to a lease made between appellant and Garden Investment Company, a partnership. No assignment of the lease is mentioned, although the demand is for 'delivery of the premises to Wilson Baugh Enterprises. The reason for the demand for possession, as stated in the notice, is ". . . failure to pay rent in breach of that certain lease. . . ." No amount of delinquent rent is stated, and the period of the alleged delinquency is not mentioned.

Appellant's basic attack upon the complaint is that it does not state a cause of action because the three day notice attached to the complaint and alleged to have been served upon appellant does not specify the amount of rent claimed to be due. This objection is valid and is supported by the statute requiring the service of such a notice (Code Civ. Proc., § 1161, subd. 2) and by appellate decisions interpreting the effect of the statutory requirement. █ The statute specifically provides that a tenant of real property is guilty of unlawful detainer when he continues in possession after default in the payment of rent ". . . and three days' notice, in writing, requiring its payment, *stating the amount which is due* . . . shall have been served upon him. . . ." (Italics ours.) Strict compliance with this provision of the unlawful detainer statute is mandatory.

█ The remedy of unlawful detainer is a summary proceeding to determine the right to possession of real property. Since it is purely statutory in nature, it is essential that a party seeking the remedy bring himself clearly within the statute. (*Rankin* v. *Superior Court*, 157 Cal. 189 [106 P. 718].) █ This means that where, as here, forfeiture of the tenant's lease for nonpayment of rent is one of the objectives of the action, the exact amount of rent claimed to be due must be stated in the notice to pay rent or quit. (*J. B. Hill Co.*

v. *Pinque*, 179 Cal. 759, 761-762 [178 P. 952, 3 A.L.R. 669]; *Feder* v. *Wreden Packing etc. Co., Inc.*, 89 Cal.App. 665, 671 [265 P. 386]; *Hinman* v. *Wagnon*, 172 Cal.App.2d 24, 28 [341 P.2d 749]; *Johnson* v. *Sanches*, 56 Cal.App.2d 115, 117 [132 P.2d 853]; see also, 2 Witkin, Summary of Cal. Law, Real Property (1960) § 290, p. 1115.) This was the rule at common law and is the rule declared by early decisions of our Supreme Court. (See *Chipman* v. *Emeric*, 3 Cal. 273, 283; *Gaskill* v. *Trainer*, 3 Cal. 334, 339-340; *Gage* v. *Bates*, 40 Cal. 384, 385.) We conclude, therefore, that because of the insufficiency of the notice served upon appellant the complaint failed to state a cause of action and that the judgment entered upon the complaint may not be sustained.

 Respondent contends, however, that his complaint is sufficient as a complaint for ejectment. He argues that it discloses a right in respondent to possession of the real property together with delinquent rents. Respondent cites and relies upon *Samuels* v. *Singer*, 1 Cal.App.2d 545, 549 [36 P.2d 1098, 37 P.2d 1050], where a complaint in unlawful detainer was construed as one in ejectment and relief granted. But *Samuels* is readily distinguishable. There the plaintiff alleged the essential elements of a cause of action in ejectment, namely, ownership disclosing a right to possession, the defendant's possession and a withholding thereof from the plaintiff. (See 2 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 1051, pp. 235-236.) Here such allegations are absent from respondent's complaint, and there are no other facts sufficiently pleaded to disclose a right in respondent to possession of the premises. This is particularly evident from the recitations made in the notice to quit which, as we have noted, describes a lease made between appellant and a third party, yet demands delivery of possession to respondent without mention of any assignment or transfer of the lease by the original lessor. These significant differences between respondent's complaint and the complaint in *Samuels* preclude the granting of relief upon the theory adopted by the court in that case.

 Appellant has appealed from the order denying its motion to vacate the default, but since we reverse the judgment later entered, the appeal from that order is moot and will be dismissed.

The appeal from the order denying appellant's motion to vacate the default is dismissed. The judgment is reversed. Appellant to recover costs on appeal.

Draper, P. J., and Devine, J., concurred.