Filed 6/9/14 Modified and Certified for Publication 7/2/14 (order attached)

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

**APPELLATE DIVISION**

| | |
|---|---|
| MICHAEL BOYD, | Case No. 1-13-AP-001561 |
| Plaintiff and Respondent, | Trial Ct. No. 1-13-CV-239215 |
| v. | |
| BARBARA CARTER et al., | OPINION |
| Defendants and Appellants. | |

THE COURT.[*]

Defendants and appellants Barbara Carter and Lonnell Carter appeal from the February 11, 2013 unlawful detainer judgment against them. The judgment, entered after a court trial, restored possession of the residential premises to plaintiff and respondent Michael Boyd and awarded him damages in the amount of $1,913.07, representing rent and other damages, attorney fees, and costs. Because the trial court did not consider the Carters' breach-of-warranty-of-habitability and retaliatory-eviction defenses and the undisputed fact that the Carters had paid in full the amount of rent alleged by the complaint to be due, we reverse the judgment.

STATEMENT OF THE CASE[1]

Boyd, as landlord, entered into a written month-to-month rental agreement with the Carters as tenants. The rental property was located at 1090 Lakebird Place in Sunnyvale,

---

[*] Bonini, P. J., Folan, J., and Williams, J.

[1] We take the facts from the verified pleadings and attachments and the reporter's transcript from the court trial.

1

California. According to the agreement, the Carters were to begin their tenancy at the property on August 1, 2012, with rent set at $1,640 per month. The Carters paid a $2,000 deposit, moved in, and began paying rent. According to the Carters, they were asked to and did perform repairs on the house and were promised that they would be reimbursed for these repairs.

On November 20, 2012, the Carters requested in writing reimbursement for work they had performed on the house and further requested that reimbursement take the form of deductions from rent. On November 27, 2012, the Carters complained in writing about the condition of the property, again requested reimbursement for the cost of repairs they had made, and indicated their intention to withhold rent to cover those costs.

On December 3, 2012, an official from the City of Sunnyvale Department of Public Safety conducted an inspection of the property at the Carters' request and issued a code enforcement letter to Boyd as the property owner. The letter cited two code violations—dry rot and water damage from a bathroom-sink leak and a damaged shower/tub. It demanded repair of these conditions and set a compliance date of December 17, 2012. On December 6, 2012, the same official from the City of Sunnyvale Department of Public Safety wrote another letter to Boyd, this one confirming a telephone conversation with him in which the compliance date was extended to December 31, 2012.

On December 12, 2012, Boyd served the Carters with both a 30-day notice to quit, by which Boyd attempted to terminate the tenancy, and a three-day notice to pay rent or quit, as they had apparently withheld some portion of the December 2012 rent consistently with their previously stated intention to do so as reimbursement for repairs. The Carters apparently paid this portion of the withheld December rent Boyd after receiving the three-day notice. In early January 2013, they then paid by check the full month's rent due under the lease for that month—$1,640—in spite of having been served the previous month with the 30-day notice that would, if valid, have ended their tenancy in the middle of January. Boyd did not cash this check. Instead, on January 4, 2013, he "served" the Carters with another three-day notice to pay rent or quit, this time demanding that they pay not the full month's rent, which they had already tendered by check, but $765.38, representing rent for the period of January 1 to 14, 2013,

2

assuming the previous 30-day notice had terminated the tenancy on that day.[2] The Carters, having already tendered the full month's rent, did not additionally tender this lesser amount.

On January 10, 2013, Boyd filed his complaint in unlawful detainer seeking restoration of the premises, forfeiture of the rental agreement, $1,640 in rent—in excess of the $765.38 stated in the three-day notice—and other damages. The verified complaint alleged that the Carters were served with a three-day notice to pay rent or quit, that the notice period expired on January 8, 2013, and that at the expiration of this period, the rent due was $1,640—the amount of rent the Carters had already paid for the full month of January 2013.

On January 16, 2013, the Carters, representing themselves, filed their answer using a Judicial Council form. They did not check any box to allege an affirmative defense but separately contended in a different part of the form that the house "was not move-in ready," causing them to incur repair costs to make it "livable," and that "the house was code [tagged by] a code enforcement to be uninhabitable, and things needed to be repair[ed] by certain date… eve[r] s[i]nce then I have been getting evicti[on] notice [sic]." The Carters also attached to their answer copies of the letters they had sent to Boyd at the end of November 2012 concerning their intended deductions of rent for repairs and copies of the letters Boyd had received from the City of Sunnyvale concerning code enforcement and the date by which he was to bring the house into compliance, among a few other documents.

The unlawful detainer trial took place on February 7, 2013. On February 11, 2013, the court entered judgment in favor of Boyd restoring possession of the premises and awarding rent

[2] There is no evidence in the record that the January 4, 2013 three-day notice on which this unlawful detainer proceeding was premised, which is Exhibit 2 attached to the complaint, was ever served in compliance with section 1162 of the Code of Civil Procedure. The proof of service referred to in the complaint and attached to it as Exhibit 3 is dated December 12, 2012. This proof of service represents that the three-day notice (plus a 30-day notice) was served on this date, an impossibility for a three-day notice dated January 4, 2013. We surmise that the proof of service erroneously attached to the complaint is the one evidencing proof of service of the earlier three-day and 30-day notices with which Boyd caused the Carters to be served in December 2012, which was immediately after they elected to deduct a portion of rent for that month as reimbursement for repairs and complained about habitability conditions to the City of Sunnyvale. The absence of proof of service of the applicable three-day notice at trial, an element the landlord must prove, is another basis justifying reversal of the judgment here.

3

and other damages in the amount of $1,913.07. There is no notice of entry of judgment or proof of service attached to the judgment itself indicating that the Carters were ever served with a file-endorsed copy of the judgment.

On April 10, 2013, the Carters appealed from the judgment.

DISCUSSION

I.   *Timeliness of the Appeal*

A notice of appeal in a limited civil case must be filed on or before the earliest of: (1) 30 days after the trial court clerk mails a notice of entry of judgment or a file-endorsed copy of the judgment with a proof of service attached; (2) 30 days after the party filing the notice of appeal serves or is served with a notice of entry of judgment or a file-endorsed copy of the judgment with proof of service attached; or (3) 90 days after the entry of judgment. (Cal. Rules of Court, rule 8.822(a).)

Here, the judgment was entered on February 11, 2013. As noted, the record does not show that the Carters were ever served with a notice of entry of judgment or a file-endorsed copy of the judgment with proof of service attached. Their notice of appeal therefore had to have been filed within 90 days after the entry of judgment on February 11, 2013. The notice of appeal from the final and appealable judgment having been filed on April 10, 2013, this appeal is timely. (Code Civ. Proc. § 904.2, subd. (a); Cal.Rules of Court, rule 8.822(a).)

II.   *Issues on Appeal and Standard of Review*

On appeal, the Carters contend: (1) the trial court erred in preventing them from presenting their statutory defenses of retaliatory eviction and breach of the warranty of habitability at trial; (2) the trial court erred in entering judgment against them for nonpayment of rent when it is undisputed that they did in fact tender the full amount alleged to be due; and (3) the trial court erred by improperly permitting Boyd to convert the previously served 30-day notice terminating their tenancy into a three-day notice to pay rent or quit.

As noted by the Carters, these questions do not involve the resolution of disputed facts. They instead solely concern issues of law. We therefore independently review the judgment,

4

applying a de novo standard of review. (See *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799; *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437-438.)

III.     *Analysis*

A.     *The Carters Were Entitled to Assert and Litigate Affirmative Defenses Concerning Habitability and Retaliatory Eviction in This Proceeding*

The Carters posit that the trial court erroneously prohibited them from presenting their retaliatory eviction and habitability defenses, which are affirmative defenses permitted by statute and common law in an unlawful detainer proceeding. (Civ. Code §§ 1941, 1942.4 & 1942.5; Code Civ. Proc. § 1174.2; *Green v. Superior Court* (1974) 10 Cal.3d 616, 635 (*Green*); *S.P. Growers Assn. v. Rodriguez* (1976) 17 Cal.3d 719, 723 (*S.P. Growers*); *Vargas v. Municipal Court* (*McAnally Enterprises, Inc.*) (1978) 22 Cal.3d 902, 916 (*Vargas*); *Barela v. Superior Court* (*Valdez*) (1981) 30 Cal.3d 244, 249 (*Barela*).)

With respect to the habitability defense, Boyd retorts that, consistently with what the trial court determined, the Carters' habitability defense was waived or forfeited because they did not check the box on the first page of the Judicial Council answer form, which states, "Plaintiff has breached the warranty to provide habitable premises."

The Carters concede that they did not check this box on the answer form. But they contend that they nonetheless asserted a habitability defense by the statements handwritten on page two of their answer regarding claimed habitability problems. They contend that this, along with the attachments to their answer, was sufficient, to put Boyd on notice that this affirmative defense was in issue at trial. They further contend the same statements in their answer also raised their defense that the eviction was retaliatory and in response to their deduction of rent in December 2012 and their complaint about habitability conditions to the City of Sunnyvale.

The Carters' contention as to the sufficiency of pleading of both affirmative defenses has merit. Their allegations that the residence "was not move-in ready," that they had to make repairs to make it "livable," and that "the house was code tag[ged by] code enforcement to be uninhabitable, and things needed to be repair[ed] by certain date" were sufficient, along with the letters and other attachments to their answer, to put Boyd on notice that they were asserting an

5

affirmative defense based on a breach of the warranty of habitability. While they did not check the particular box on the form that expressly referenced this affirmative defense, there is no authority confining them to checking the box in order to assert the defense, and they unquestionably and sufficiently raised the matter in their answer so as to put it in issue. The same is true of their defense that the eviction was retaliatory for their having exercised their legal rights to report habitability conditions to the local Department of Public Safety and to repair and deduct. Their statement in their answer that they had been receiving "evict[ion] notice[s]" "eve[r] s[i]nce" reporting habitability conditions put Boyd on notice that they were asserting the affirmative defense of retaliatory eviction. To conclude otherwise, as the trial court did, would unfairly elevate form over substance, would hold the Carters to a standard of pleading that is higher than the law requires, and would operate as a forfeiture of these statutory and common law defenses. (Code Civ. Proc. § 452 [allegations of pleading must be liberally construed with a view to substantial justice between the parties].)

In an unlawful detainer proceeding, a tenant has the right to raise any defense related to the issue of possession of the premises. It is beyond question that one such defense is a claim that the landlord has breached the warranty of habitability. (*Green, supra,* 10 Cal. 3d at p. 635 ["we now conclude that the tenant's duty to pay rent is 'mutually dependent' upon the landlord's fulfillment of his implied warranty of habitability"].) Where a tenant can prove a breach of the warranty of habitability, "no rent is in fact 'due and owing' to the landlord…[and] the landlord would not be entitled to possession of the premises." (*Id.*) In addition, Code of Civil Procedure section 1174.2 provides that in an unlawful detainer proceeding for nonpayment of rent, the court "shall deny possession to the landlord and adjudge the tenant to be the prevailing party" whenever the court finds that a "substantial breach" of the warranty of habitability or duties found in Civil Code section 1941 has occurred. Civil Code section 1941 further provides that "[t]he lessor of a building intended for the occupation of human beings in the absence of an agreement to the contrary, shall put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenantable,…." Civil Code section 1942.5 further prohibits eviction in retaliation for a tenant exercising legal rights,

6

including complaining of conditions affecting habitability or the reporting of uninhabitable conditions to the appropriate agency, and provides that a lessor may not recover possession of a premises or evict a tenant not in default within 180 days of the tenant exercising these rights. Both affirmative defenses are accordingly fair game in an unlawful detainer proceeding.

As demonstrated by the record here, the Carters attempted at trial to raise their habitability and retaliatory eviction defenses on multiple occasions by referencing the factual matters alleged in their answer. But the court erroneously sustained Boyd's objection to the court's consideration of these matters on the ground of relevance and did not consider them.

For example, at the start of trial, Barbara Carter (after being sworn in) told the court that the property: "wasn't move-in ready….I paid a substantial amount of money to move on this property, and then I had to pay a substantial amount of money to—for it to be—to live in it. The carpet was filthy. The bathroom is very—oh, it's messed up. That's where it started …. With the Code Enforcement, Mike [Boyd] sent someone to the house to, I guess, have the bathroom looked at to have it fixed, and the guy said …." She was then interrupted by Boyd's counsel, who objected that these issues "are not relevant to the current case" because these events "transpired six months ago before this case ever started," a statement that is both factually and legally erroneous. Later, Barbara Carter again tried to explain that "the Code Enforcement, Sunnyvale Police Department came out, and they code tagged the bathroom." Boyd's counsel once again stated that the Carters could not "interrupt an unlawful detainer with those issues. The issue before the court is did they pay the January rent." The trial court then said to the Carters, "See, the thing is, the kind of rental agreement that you had, it could be terminated" and "[i]t's a month-to [sic] month type relationship. So the landowner, upon giving you 30 days notice, has a right to … take possession of the property again. So I'm trying to figure out what it is you want."

Although the court's statement that a month-to-month tenancy agreement can generally be terminated upon 30 days' notice is legally correct, where a substantial breach of the warranty of habitability has occurred or the tenant is asserting that the eviction is in retaliation for having exercised legal rights, a tenant is entitled to raise these issues as affirmative defenses in an

7

unlawful detainer proceeding as they go to the issue of the landlord's right to possession—the core of the proceeding. (Civ. Code §§ 1942, subd. (a) & 1942.5; *Barela, supra*, 30 Cal.3d at p. 249; *S.P. Growers, supra*, 17 Cal.3d at p. 723; *Vargas, supra*, 22 Cal.3d at p. 916.) If either defense is proven, the landlord is not entitled to a judgment of possession as a matter of law, even in the context of a month-to-month tenancy. The court here thus erroneously prevented the Carters from establishing these defenses, instead incorrectly informing them with respect to the habitability defense that "[i]f you feel like [Boyd] owes you money for services rendered, that's something you can bring up in small claims court." By this statement, the court obviously and erroneously viewed the question whether the Carters were entitled to reimbursement for repair costs as a separate issue from the right to possession of the premises to which the habitability defense relates in an unlawful detainer proceeding. Having been precluded from proving the breach of the warranty of habitability, they were likewise precluded from proving that their actions in response led to what they claimed was a retaliatory eviction in that Boyd attempted to terminate the tenancy and then evict them for paying rent beyond the attempted termination date. This was legal error.

Boyd appears to contend that because the unlawful detainer proceeding was premised on the second three-day notice to pay rent or quit, and not the prior 30-day notice to quit that immediately followed the Carters' exercise of legal rights, they were precluded from asserting these affirmative defenses as the case was only about whether they had not paid the half a month's rent as stated in the second three-day notice. But even under Boyd's logic, this three-day notice to pay rent or quit could only have been valid and enforceable if Boyd's right to terminate the tenancy via the prior 30-day notice to quit were likewise valid and enforceable. As we have observed, a landlord may not terminate a tenancy or evict a tenant in retaliation for the tenant having exercised legal rights—a defense the Carters were prevented from establishing. Thus, the validity and enforceability of Boyd's termination of the tenancy on which the later three-day noticed was premised was in issue in this proceeding, as the Carters contend.[3]

---

[3] Having so concluded, we need not separately address the Carters' last claim on appeal.

Because the trial court erroneously refused to consider the Carters' affirmative defenses of breach of the warranty of habitability and retaliatory eviction, both of which went to the heart of Boyd's right to possession of the premises, the judgment in Boyd's favor must be reversed.

B. *The Carters Had Paid the Rent Alleged to be Due in the Complaint, Precluding an Unlawful Detainer Judgment Against Them*

The Carters separately contend that the judgment should be reversed because they established at trial that they had fully paid the rent alleged to be owed in the unlawful detainer complaint. We agree and conclude that this is a separate ground warranting reversal of the judgment.

A landlord cannot evict a tenant for nonpayment of rent if the tenant is not actually in default. (Code Civ. Proc., § 1161, subd. (2).) And the unlawful detainer complaint must state the amount of rent claimed to be in default. (Cal. Civ. Proc. § 1166, subd. (a)(4).) Here, the unlawful detainer was ostensibly premised on a three-day notice to pay $765.38—half a month's rent—or quit. But the complaint alleges that "the amount of rent due was $1,640"—a full month's rent that the Carters undisputedly paid in early January 2013.[4] The Carters raised this issue at trial, informing the court that they had fully paid the amount of rent due for January 2013, which was the $1,640 alleged in the complaint. During his direct testimony, Boyd acknowledged that he had received a check from the Carters for the full January 2013 rent. Boyd's counsel also acknowledged that the Carters had paid the full January rent but asserted, "We have not accepted it. It's simply been received. None of the checks have been cashed. So we are here on nonpayment of the amount of money, no more, no less, that they were required under the three-day notice to pay."

Thus, based on the undisputed facts in the record, the amount of rent the complaint alleged to be due had in fact been tendered by the Carters to Boyd. Accordingly, the Carters were not in default in the payment of rent—the basis of the unlawful detainer judgment—

_____

[4] This of course raises the question whether the variance between the three-day notice and the complaint in the statement of amount of rent claimed to be due was fatal to Boyd in this residential unlawful detainer proceeding. We need not reach this issue.

because they had paid the full amount of rent that was alleged by the complaint to be due. Even if this allegation of the complaint was a mistake, an unlawful detainer plaintiff must strictly adhere to statutory and technical requirements in order to prevail. (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 520 [summary nature of unlawful detainer requires strict adherence to statutory requirements, otherwise plaintiff has ordinary remedies for breach of contract]; *Baugh v. Consumers Associates, Ltd.* (1966) 241 Cal.App.2d 672, 674-675.) Nor does it matter for our purposes that Boyd may not have cashed the check.

Based on the allegation of the complaint concerning the amount of rent due, and the undisputed fact that the Carters had paid this precise amount, the trial court erred in concluding that there was a default in the payment of rent, a conclusion on which the unlawful detainer judgment against the Carters rested.

## DISPOSITION

The trial court's February 11, 2013 unlawful detainer judgment is reversed.[5] The Carters as appellants are the prevailing party entitled to costs on appeal. (California Rules of Court, rule 8.891(a)(2).)

---

[5] This summary unlawful detainer proceeding concerned the right to possession of the premises, a matter that is no longer in issue because the Carters were forcibly evicted. The judgment having been reversed, the parties remain free to litigate any claims for damages arising from their lease or landlord/tenant relationship.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

**APPELLATE DIVISION**

MICHAEL BOYD,

        Plaintiff and Respondent,

  v.

BARBARA CARTER et al.,

        Defendants and Appellants.

Case No. 1-13-AP-001561

Trial Ct. No. 1-13-CV-239215

**ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN JUDGMENT**

The opinion filed June 9, 2014, is modified as follows:

1.      On page 2, in the third full paragraph that begins with "On December 12, 2012," delete the second sentence that begins with "The Carters apparently paid" and replace it with the following sentence: "The Carters apparently paid this portion of the withheld December rent to Boyd after receiving the three-day notice."

2.      On page 6, in the paragraph that begins with "In an unlawful detainer proceeding," in the fourth sentence that begins with "In addition," the phrase "Code of Civil Procedure section 1174.2" should be replaced with "Code of Civil Procedure section 1174.2, subdivision (a)".

3.      On page 6, in the paragraph that begins with "In an unlawful detainer proceeding," in the fifth sentence that begins with "Civil Code section 1941," delete the quoted language and replace it with the following, as shown in quotes: "[t]he lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the

1

contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenable, … ."

4. On page 7, in the second full paragraph, in the third sentence that begins with "Later, Barbara Carter again," delete the quoted language and replace it with the following, in quotes: "the Code Enforcement, Sunnyvale Police Department came out to -- Code Enforcement people came out, and they code tagged the bathroom."

This modification does not change the judgment.

On June 27, 2014, we received a joint request under rule 8.1120 of the California Rules of Court from National Housing Law Project, Western Center on Law and Poverty, Community Legal Services of East Palo Alto, Law Foundation of Silicon Valley, and Centro Legal de la Raza to certify our opinion for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is accordingly granted.

IT IS SO ORDERED.


Honorable Griffin M.J. Bonini
Presiding Judge of the Appellate Division


Honorable Maureen A. Folan
Judge, Appellate Division


Honorable Helen E. Williams
Judge, Appellate Division

Trial Court:  Superior Court of Santa Clara County

Trial Judge:  Derek Woodhouse, J.

Community Legal Services of East Palo Alto and Jason H. Tarricone for Defendants and Appellants.

Michael E. Boyd, in pro. per., for Plaintiff and Respondent.