Filed 3/3/15  Hill v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| ANNLIA PAGANINI HILL,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO CITY AND COUNTY,<br><br>        Respondent;<br><br>ELAINE TURNER,<br><br>        Real Party in Interest. | A143207<br><br>(San Francisco City and County Super. Ct. No. CUD-14-648479) |

**BY THE COURT:[1]**

Petitioner Annlia Hill is a landlord attempting to exit the business of renting residential property in San Francisco pursuant to the Ellis Act; she is the plaintiff in separate unlawful-detainer actions against her long-time tenants Elaine Turner and Theresa Flandrich.  Both cases were dismissed on August 26, 2014, after the appellate division of the superior court directed the trial judge to grant the tenants' motions to quash service of Hill's summonses and complaints.  The appellate division concluded that Hill had violated section 37.9A(f)(4)(E)(iii) of the San Francisco Residential Rent Stabilization and Arbitration Ordinance (SFRO), which effectuates the Ellis Act,[2] by

---

[1] Before Kline, P.J., Richman, J., and Miller, J.

[2] Further references are to the SFRO.

1

failing to notify Turner and Flandrich that she had extended the date the other's unit would be withdrawn from the rental market. We conclude the appellate division misconstrued the ordinance. Accordingly, we shall issue a peremptory writ of mandate directing the appellate division to vacate its August 22, 2014 order granting Turner's writ petition, and to enter a new and different order denying the petition.[3] We grant the same relief in the separate case related to Flandrich.

Hill owns a rent-controlled building situated at the corner of Stockton and Lombard Streets containing six residential apartments, two of which she occupies herself. In April 2013, she served notice on each of her four residential tenants that she intended to withdraw the building from the residential-rental market, and that they had 120 days to vacate the premises. Three of them, including Turner and Flandrich, claimed a statutory right to extend the 120-day period to a full year based upon their age or disability. Hill did not dispute their claims.

Turner and Flandrich both remained past the April 2014 expiration of their extensions, prompting Hill to file complaints for unlawful detainer. Both tenants filed motions to quash under *Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033, alleging that Hill failed to state a cause of action for unlawful detainer because she had not strictly complied with the SFRO in four discrete ways. Relevant to this petition, the motions alleged that Hill had violated the ordinance by failing to notify Turner that she had extended Flandrich's deadline to vacate, and vice versa.

---

[3] A peremptory writ in the first instance is appropriate in these cases. Our Supreme Court has instructed "that a peremptory writ of mandate or prohibition [may] not issue in the first instance unless the parties adversely affected by the writ have received notice, from the petitioner or from the court, that the issuance of such a writ in the first instance is being sought or considered. In addition, an appellate court, absent exceptional circumstances, should not issue a peremptory writ in the first instance without having received, or solicited, opposition from the party or parties adversely affected." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) Both requirements are met here, as the prayer in each petition sought a peremptory writ in the first instance and we have received opposition from each real party.

2

After considering the parties' briefing and holding a lengthy hearing, the trial court rejected all of the tenants' arguments and denied their motions to quash. Each sought writ relief from the appellate division, which shortly issued separate writs directing the trial court to grant the tenants' motions to quash. The appellate division determined that, having extended Turner's deadline to vacate, Hill was obliged to notify Turner that she had also extended Flandrich's deadline, and vice versa.

Hill filed timely writ petitions in this court, one related to Turner's, and the other related to Flandrich's, case. On her motion, with permission from the Supreme Court, we transferred petition A143208 (real party, Flandrich), from Division Three to Division Two, to which the present petition, A143207 (real party, Turner), had been assigned, so both petitions could be considered together.

The Ellis Act was passed to give landlords the unconditional right to evict their tenants when they want to "go out of business." To accomplish a valid Ellis Act eviction, a landlord must withdraw all of the residential units in a qualified building from the rental market. She is thus prevented from evicting tenants whose rent is low while retaining those whose rent is high. While the SFRO generally accords tenants 120 days' notice to vacate, a tenant who is disabled, or 62 or older, and gives proper notice, is entitled to a full year to vacate after the landlord announces her intent to withdraw a building from the rental market. (§ 37.9A(f)(4).) In that situation, "the owner *may elect* to extend the date of withdrawal of *any other units* up to one year . . ." (§ 37.9A(f)(4)(C), italics added), and "the owner shall give written notice to . . . *the affected tenant* . . . of the following: [¶] (i) Whether or not the owner disputes the tenant's claim of extension; [¶] (ii) The new date [to vacate] if the owner does not dispute the tenant's claim of extension; and [¶] (iii) Whether or not the owner elects to extend the date of withdrawal to *other units* on the property." (§ 37.9A(f)(4)(E), italics added.) Strict compliance with statutory rules for unlawful detainer is mandatory, and defective notice results in a complaint that fails to state a cause of action. (*Baugh v. Consumer Associates, Ltd.* (1966) 241 Cal.App.2d 672.)

3

The appellate division read these provisions to require Hill to notify one elderly tenant, Turner, that another elderly tenant, Flandrich, had secured an extended deadline to vacate, as Turner had done. We cannot affirm this interpretation of the ordinance. The references to "other units" italicized above clearly contemplate other units occupied by tenants *not* claiming to be elderly or disabled. Extending these other tenants' deadlines to vacate is not a legal requirement, but an "elect[ion]" the landlord can make, according to section 37.9A(f)(4)(C). Common sense reinforces this interpretation: When a landlord is forced to remain in the rental business to accommodate an elderly tenant's *entitlement* to a full year's notice to vacate, the landlord *may elect* to offer the same extension to "other" (*i.e.* otherwise unqualified) tenants, so she can continue to collect as much rent as the law allows for so long as she must remain in the rental business.

The appellate division's contrary construction—requiring the landlord to notify elderly or disabled tenants who have secured mandatory extensions when other elderly or disabled tenants have also secured mandatory extensions—is untenable. Further, its effect would serve no discernible statutory purpose. The SFRO is concerned with landlords' illegally retaining not their elderly or disabled tenants (who generally have rented longer and thus pay lower rents), but their "other" tenants. Thus, a policing function is served when tenants who qualify for the mandatory extension are assured of being among the last to leave the building, and notified of what "other units" the landlord has allowed to remain occupied for, at most, the duration of the mandatory extension. There is no similar purpose served (and arguably an invasion of privacy) when one elderly or disabled tenant is notified, in effect, that another tenant is elderly or disabled. We decline to consider real party's additional arguments for denying Hill's petition. (See *Brown v. Superior Court* (2011) 199 Cal.App.4th 971, 996.) We also deny her motion to strike the declaration submitted with petitioner's reply brief.

Let a peremptory writ of mandate issue directing the appellate division to vacate its August 22, 2014 Order Granting Petition For Writ of Mandate, in case No. CUD-14-648479, entitled *Elaine Turner v. The Superior Court of San Francisco City and County*, and enter a new order denying the petition. To prevent further delays in the superior

4

court proceedings, this decision shall be final as to this court three days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)