Joseph PETRO, et al., Plaintiffs,

v.

The FLINTKOTE COMPANY, Defendant.

No. C 82–1546 A.

United States District Court, N.D. Ohio, E.D.

Feb. 25, 1986.

---

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This action arises out of a class action filed by plaintiffs on June 15, 1982, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), (a)(2), (a)(3), and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff-retirees of the defendant were seeking a temporary restraining order to compel the defendant to reinstate their health insurance benefits, which defendant terminated on May 31, 1982. Plaintiffs also sought to permanently enjoin defendant from terminating such insurance benefits in the future. Defendant voluntarily restored the insurance benefits on June 17, 1982. Plaintiff now requests an award of attorney's fees and costs under ERISA, 29 U.S.C. § 1132(g)(1). Defendant moves to dismiss the action as moot.

For the foregoing reasons, the undersigned Judge concludes that plaintiffs are entitled to an award of reasonable attorney's fees under ERISA. The instant action is hereby dismissed. However, this Court will maintain continuing jurisdiction in this matter. In the event that there are recurring violations by defendant, plaintiffs may address this Court by way of post judgment motion.

29 U.S.C. § 1132(g)(1) of ERISA clearly provides:

> in any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party ...

In order to effectuate the remedial purposes of ERISA, and to deter future misconduct, a fee award is warranted in this action. Plaintiffs are entitled to a fee award even though the results obtained from their lawsuit were not due to a court order directing defendant to provide the benefits. *See, Smith v. CMTA–IAM PENSION TRUST,* 746 F.2d 587, 591 (9th Cir. 1984). *See also, Othen v. Ann Arbor School Board,* 699 F.2d 309, 313 (6th Cir. 1983). Plaintiffs achieved some of the benefit in bringing their ERISA claim, and are therefore entitled to reasonable attorney's fees under 29 U.S.C. § 1132(g). *Central States Southeast & Southwest Areas Pension Trust Fund v. Hutchings Trucking, Inc.,* 492 F.Supp. 906, 909 (E.D.Mich.1980). The Sixth Circuit recognizes that a plaintiff may qualify as a prevailing party if the lawsuit is casually related to securing the relief obtained. *Othen v. Ann Arbor School Board,* 699 F.2d 309, 313 (6th Cir. 1983). In the instant action, when defend-

ant reinstituted the overdue premiums, plaintiffs achieved a benefit causally related to the lawsuit. Therefore, fees are reasonable to the extent that plaintiffs' attorneys expended hours in prosecution of the ERISA action to enforce payments due under the parties' collective bargaining agreement.

■ In fixing a reasonable attorneys fee under § 1132(g)(1) of ERISA, the traditional starting point is the following formula: hours of service times a reasonable hourly rate. *Winpisinger v. Aurora Corp.*, 469 F.Supp. 782 (N.D.Ohio E.D.1979). The fee may be ascertained with reference to whether the party prevails or fails. *Id.* The best evidence for attorney's fee award purposes is the hourly rate customarily charge by the law firm. *Elser v. IAM Nat. Pension Fund*, 579 F.Supp. 1375 (D.C.Cal. 1984). In the present case, fees are reasonable for hours expended by the attorneys until and including the date of defendant's compliance with the collective bargaining agreement, at the hourly rate customarily charged by the law firm. In accordance with the itemized fees and costs set forth as Exhibit A in plaintiff's motion for costs and fees, the undersigned Judge awards $7,859.50 as fees and $470.30 as costs incurred due to this litigation.

■ Defendant has moved that the instant action be dismissed on grounds of mootness. In raising the mootness doctrine, defendant bears the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Although the court's power to grant injunctive relief survives discontinuance of the illegal conduct, the party moving for injunctive relief must satisfy the court that relief is needed. *Id.* at 633, 73 S.Ct. at 897. As the Supreme Court set forth in *W.T. Grant*, "To be considered are the *bona fides* of the expressed intent to comply, the effectiveness of the discontinuance, and in some cases the character of the past violations." *Id.* at 633, 73 S.Ct. at

898. Accordingly, the party seeking to avoid dismissal must show

> that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.

*Id.* at 633, 73 S.Ct. at 898.

■ In the present case defendant expresses a clear intent to continue benefit coverage for these plaintiffs. Defendant correctly states that the state of the law today is clearly in favor of the continuation of retiree health benefits past expiration of the collective bargaining agreement. *Policy v. Powell Pressed Steel Co.*, 770 F.2d 609 (6th Cir.1985). Thus, defendant would have little legal justification for any future termination of benefits. Additionally, once defendant discontinued the violation by reinstating benefits, plaintiffs were no longer adversely affected. Moreover, the past violation was discontinued seventeen days after this suit was commenced. Considering these facts, the undersigned Judge finds that there is no significant threat of future violations.

Attorney's fees have been awarded to the extent that plaintiffs have suffered from defendant's challenged practices. Continuing jurisdiction is maintained in this matter, consistent with the purpose of ERISA to protect employee rights and to secure effective access to federal courts. Accordingly, the equitable relief sought by plaintiffs is no longer justified, and this case is dismissed with this Court maintaining continuing jurisdiction in the matter.

This action is terminated.

IT IS SO ORDERED.