UNITED STATES of America, Plaintiff,

v.

Angel L.G. SANTOS, Defendant.

Civ. No. 92–00063.

United States District Court,
Territory of Guam.

July 1, 1993.

## AMENDED MEMORANDUM ORDER

UNPINGCO, Chief Judge.

This controversy comes before this Court in the context of plaintiff's action for ejectment of the defendant and his confederates from Lot 5303–2, Mogfog, Dededo, the boundaries of which are set forth in the complaint and which is presently the site of Andersen Air Force Base South, commonly known as "Andy South." Plaintiff moved this Court for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 and requested a mandatory injunction compelling defendant, and all persons in active concert or participation with defendant, to vacate said lot, and to remain at least fifty (50) feet from said property. In support of this motion, plaintiff contends that there are no genuine issues of material fact and that it is entitled to judgment in this action for ejectment as a matter of law. Defendant opposed the motions, asserting the existence of three genuine issues of material fact: 1) whether the Court has jurisdiction to entertain this litigation; 2) whether defendant holds superior title to Lot 5303–2, Mogfog, Dededo; and 3) whether the taking of said Lot by Naval Governor Carlton Skinner in 1950 was void ab initio as a violation of his fiduciary duty to the Chamorro peoples. For the reasons discussed *infra*, defendant's contentions are rejected and the Court finds plaintiff to have established entitlement to summary judgment and to the requested injunctive relief.

Upon the evidence presented by the parties to this motion, the Court makes the following findings of fact:

1. At the time of the appointment of Carlton Skinner as the Governor of Guam in 1950, the subject lot, approximately 29,000 square meters in size, was owned by various persons including Angel Borja Santos, the grandfather of the defendant, Angel L.G. Santos.

2. On or about June 22 of 1950, Governor Skinner, on behalf of the United States, validly exercised the right of eminent domain with regard to the subject lot.

3. Angel Borja Santos filed an action for compensation for the taking in the Superior Court. This case was removed from the Superior Court to the District Court of Guam on December 22, 1950 and on December 20, 1958, compensation for the taking was awarded to Angel Borja Santos.

4. Following the passage of the Omnibus Territories Act of 1977, Vincente Cruz Santos, the executor and sole devisee of the estate of Angel Borja Santos, brought suit for additional compensation in District Court of Guam Civil Case No. 82–0147. As a result of this litigation, the heirs of Angel Borja Santos were awarded additional compensation for the taking.

5. The United States had sole possession of the property from June 28, 1950 until November 2, 1992 and used said lot as the training and exercise grounds for the local Army Reserves, the Guam National Guard and the University of Guam Reserve Officers Training Corps.

6. Defendant entered onto the subject lot, claimed possession and began occupying it on or about November 2, 1992 and has continued to remain on this property to the present time.

7. Since on or about November 2, 1992, Angel L.G. Santos has constructed permanent and temporary dwellings on Lot 5303–2 Dededo, and has remained on said property.

8. Angel L.G. Santos has remained on the subject property subsequent to receiving a verbal order to vacate by the U.S. Air Force and has built a structure on Lot 5303 Dededo approximately 237 feet from Lot 5303–2 Dededo. He has also cleared flora and planted crops on Lot 5303–2 Dededo.

9. Angel L.G. Santos has planted crops on Lots 5303 and 5303–2 Dededo, all of which are located on and registered to the United States by the Department of Land Management, Territory of Guam.

10. Angel L.G. Santos has excluded United States Air Force personnel and contractors (surveyors) from Lot 5303–2.

11. Angel L.G. Santos has expressed his intent to retain possession of Lot 5303–2.

12. Angel L.G. Santos was notified by letter that the United States is the owner of the subject lot and was ordered to vacate this property and to not re-enter without the permission of the Commanding Officer.

13. Angel L.G. Santos has re-entered the property subsequent to receiving the aforesaid barment letter.

14. Defendant continues to this date to remain on the subject property.

The Court also makes the following conclusions of law:

1. 40 U.S.C. § 258a vested title to the Marbo Base Command, Andersen Air Force Base in the United States upon the filing of the Declaration of Taking in Civil Case No. 27–50.

2. The District Court of Guam was created by 48 U.S.C. § 1424, conferring on this Court the jurisdiction of a District Court of the United States, in August 1950.

3. Pursuant to 28 U.S.C. § 1345, the District Court of Guam has original jurisdiction of all cases commenced by the United States.

4. Prior to the passage of 48 U.S.C. § 1424, jurisdiction over cases commenced by the United States was vested in the Superior Court of Guam.

5. Civil Case No. 27–50 was properly removed from the Superior Court of Guam on December 22, 1950 to the District Court of Guam pursuant to 48 U.S.C. § 1424 and 28 U.S.C. § 1345.

6. Pursuant to 18 U.S.C. § 1382, it is unlawful to remain upon or to reenter a United States military reservation after having been ordered to leave the property.

7. 28 U.S.C. § 2409a(n) prohibits acquiring title by adverse possession against the United States.

8. 28 U.S.C. § 2409a(b) prohibits the possession of military installation property even upon proof of greater title by a nongovernmental claimant.

Plaintiff contends that summary judgment is appropriate under Federal Rule of Civil Procedure 56, as there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law. These contentions will be addressed *seriatim*.

In support of plaintiff's contention that it holds superior title to the real property in question, plaintiff points to eight documents, which, taken together, leave little question that plaintiff is the rightful owner of Lot 5303–2 Dededo. These documents are: (1) a certified copy of the Declaration of Taking, Civil Case No. 27–50, *Naval Government of Guam vs. 2,497.4 Acres of Land, more or less in the Municipality of Dededo, Island of Guam, Marianas Islands, and Jose M. Guerrero, et al.,* Superior Court of Guam, Mariana Islands; (2) a document entitled "Transfer of Lands to the United States of America," dated July 31, 1950; (3) a certified copy of judgment in Case No. 27–50, *U.S. v. 2,497.4 Acres of Land, more or less in the Municipality of Dededo, Island of Guam, Marianas Islands, and Jose M. Guerrero, et al.,* United States District Court of the Territory of Guam; (4) Certificate of Receipt of Funds in Civil Case No. 27–50, *U.S. v. 2,497.4 Acres of Land, more or less in the Municipality of Dededo, Island of Guam, Marianas Islands, and Jose M. Guerrero, et al.,* United States District Court for the Territory of Guam; (5) a certified copy of District Court of Guam Registry Check No. 6846 made payable to Angel Borja Santos; (6) a certified copy of U.S. Title in Fee Simple to Lot 5303–2 Dededo, Department of Land Management, Government of Guam, Territory of Guam; (7) certified copy of Judgment, Civil Case No. 77–00077MF, *Jose H. Torres on behalf of himself and all others situated vs. United States of America,* in the matter of Guam Land Claim Cases filed under the provisions of the Omnibus Territories Act of 1977, United States District Court for the

Territory of Guam; and (8) a copy of the Quit Claim Deed issued from Naval Government of Guam to the United States on July 31, 1950. These documents show that right, title and interest to the subject property formerly held by Angel Borja Santos was subject to a valid taking by Governor Skinner on behalf of the United States and that as a result thereof, title vested in the United States in fee simple absolute pursuant to 40 U.S.C. § 258a. A quit claim deed was issued from the Naval Government of Guam to the United States on July 31, 1950 and a final judgment was entered regarding the subject property on December 20, 1958, with monies deposited into the account of the District Court of Guam for said lot on March 5, 1959. A check in the amount of $1,175 was issued to Angel Borja Santos.

Defendant moreover concedes that the plaintiff had a recorded interest in fee simple on July 20, 1950 and that the defendant's grandfather had been issued a letter from the U.S. Naval Government advising him of such. Plaintiff's interest in fee simple is also recorded with the Department of Land Management, Government of Guam. The plaintiff has asserted recorded title to the subject lot which vested in the United States pursuant to 40 U.S.C. § 258a.

With this evidence, taken together with the previous order of this Court in the subject matter holding defendant barred from asserting title for the instant property as against the United States pursuant to the Quiet Title to Land Act, 28 U.S.C. § 2409a, plaintiff has carried its burden under Federal Rule of Civil Procedure 56 in establishing the absence of a genuine material issue of fact as to its superior title to the Mogfog lot.

Defendant has not shown any admissible evidence that can be realistically expected to be available at trial as is required to defeat summary judgment once plaintiff's initial burden has been met. *Canada v. Blains Helicopters Inc.,* 831 F.2d 920 (9th Cir.1987). Rather, defendant rests its opposition on its averments in the pleadings that there are three genuine issues of material facts, as set forth *infra*. But it is black letter law in this Circuit that summary judg-

ment cannot be denied solely on the basis of averments in the pleadings. Indeed, in certain circumstances even colorable evidence presented by the non-movant may be insufficient to defeat summary judgment. *See e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court consequently finds that the defendant has not carried the burden required to defeat the subject motion.

■■■ Plaintiff also contends in support of this summary judgment motion that it is entitled to judgment as a matter of law in this action for ejectment. The Court agrees with this contention. The essential elements of an action for ejection are ownership by plaintiff disclosing a right to possession and a withholding thereof from the plaintiff. *Baugh v. Consumers Assoc., Ltd.,* 241 Cal. App.2d 672, 675, 50 Cal.Rptr. 822, 824 (1st App.Dist.1966). The evidence discussed above clearly indicates that plaintiff is entitled to a judgment of ejectment as a matter of law. Therefore, the motion is GRANTED as to the issue of plaintiff's superior title to Lot 5303–2 Dededo.

In conjunction with its opposition to the subject motion, defendant also submits that there exist genuine material issues of fact as to (1) the jurisdiction of the District Court of Guam to entertain this matter and (2) the existence and breach of a fiduciary duty owed by the Naval Governor to the civilian residents of Guam. These contentions are without merit or factual support.

■■■ Plaintiff also asserts that it is entitled to a mandatory injunction (the scope of which is defined *supra* ), compelling defendant to vacate the subject property. In support of this contention, plaintiff relies on 18 U.S.C. § 1382, which prohibits defendant, who has been ordered off the subject lot located on Andy South, from remaining upon or re-entering a United States military reservation. Defendant does not contest this argument, and the plaintiff correctly points to case law in other circuits holding that federal courts are not barred from enjoining activity to prevent future violations of the law, *Petro v. Flintkote,* 633 F.Supp. 10 (N.D.Ohio 1986) or to prevent activity, which in addition to being tortious, is in violation of the law.

*Airlines Reporting Corp. v. Barry,* 825 F.2d 1220 (8th Cir.1987). This Court also notes that the requested injunction is necessary to protect the integrity of the subject military reservation and to restore and preserve the Installation Commander's authority to insure the order, safety and security of this military installation and that the plaintiff comes before this Court with clean hands. Having determined that this Court is authorized and empowered to grant the requested injunction, the Court turns now to the issue of the plaintiff's entitlement thereto.

■■■ The extraordinary power of a federal court sitting in equity to grant injunctive relief requires more than the violation of a legal right. The traditional standard for granting injunctive relief requires the United States to show likelihood of success on the merits, irreparable injury, relative injury faced by the parties, and that granting the requested relief is in the public interest. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

■■■ As discussed *infra,* it is very likely that the United States will prevail on the merits of this ejectment action. It is furthermore clear that irreparable injury to the plaintiff will ensue if the injunction is not issued. Defendant's continued, wrongful and tortious occupancy of an area on Andersen Air Force Base South has caused an immediate threat to the integrity of that military installation, has eroded the commanding officer's exclusive management and control of the installation, and has impeded the conduct of security patrols and military training exercises in this area. Moreover, defendant has damaged this property by clearing away vegetation, planting crops, and erecting tents and other structures. It is significant that plaintiff's property management plan and operational commitments have been disrupted by this continued trespass as the lot is part of the land upon which a natural resources cooperative plan is implemented. Moreover, defendant's continuing presence on the premises without adequate sewer, water or other utilities causes a potential health risk both to defendant as well as to the residents of Andy South. Defendant's presence and activities

on the subject lot has also incited numerous other individuals to trespass on a number of United States military installations located on Guam. Defendant has made clear that without an injunction, he will continue to trespass and destroy the plaintiff's property. His presence and activities thereon have already caused the United States to expend numerous man hours and security assets above and beyond those which would normally be expended in protecting the integrity and security of this installation. These resources have had to be diverted from primary operational commitments.

However, the most egregious aspect of the irreparable harm caused by defendant's continuing trespass (as well as the principal reason why granting the requested relief is in the public interest) is the jeopardy posed to the finality of real estate transactions involving the United States, as well as other governmental and private entities. The Court reiterates its earlier pronouncement on this issue:

> ... it is essential to preserve the finality of past real estate transactions, for could the Quiet Title Act's twelve year limitations period be avoided, contrary to the wish of Congress, an unlimited number of suits involving stale claims to Chamorro lands might be instituted. [Citation omitted.] But the analysis cannot stop here. If time limitations for filing suits set by Congress protecting the United States as a sovereign could be evaded as defendant contends, then theoretically all the other limitations periods such as those set by the Territory of Guam could similarly be circumvented where a descendant of a former landowner feels that his ancestor had not been treated fairly with regard to a given real estate transaction regardless of whether the transaction occurred decades, or even centuries, ago.

If this challenge to the title of the United States is to be permitted, then the titles of owners of other real estate, especially those of high value, would be assailed in a similar fashion. If defendant wishes an opportunity to challenge the title of the United States, then defendant must work with the legislative branch of government for the passage of a statute that would allow him to do so. Absent such a statute, the defendant is bound, and this Court has no choice, but to enforce the Quiet Title to Land Act.

The nature and the gravity of the harm inflicted upon the United States by the defendant's unlawful occupancy on Andy South is such that denial of the requested relief would cause irreparable harm, both tangible and intangible.

Finally, the Court notes that defendant has failed (despite repeated opportunities being given by this Court to do so) to show even a mere scintilla of evidence, or to allege, facts which would show that it will befall greater harm by grant of the injunction than plaintiff will by denial.

For the foregoing reasons, the Court hereby GRANTS the United States' motions for partial summary judgment and for injunctive relief.

In conjunction with its motion for partial summary judgment, the plaintiff moved to dismiss Counts II through V set forth in the complaint. Defendant having joined in this motion, Counts II through V of the complaint are HEREBY DISMISSED WITH PREJUDICE.