[No. B123956. Second Dist., Div. One. Feb. 17, 2000.]

WM. R. CLARKE CORPORATION, Plaintiff and Respondent, v.
SAFECO INSURANCE COMPANY OF AMERICA et al., Defendants and
Respondents.

COUNSEL

Haight, Brown & Bonesteel, Roy G. Weatherup and Mark B. Aldrich for Defendants and Appellants.

Tyre Kamins Katz & Granof, Herman S. Palarz and John Valentine, Jr., for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—A judgment debtor with an equitable right to an offset calculated the amount due under the judgment by subtracting the offset from the principal amount of the judgment, then using the remainder to calculate postjudgment interest due as of the date of payment. The judgment creditor objected, contending the postjudgment interest should have been calculated before the judgment debtor credited itself with the offset. The trial court agreed with the judgment creditor and so do we.

## FACTS

In 1990, a property owner retained a general contractor (Keller Construction Company, Ltd.) to rehabilitate an old building. Keller obtained a payment bond from Safeco Insurance Company of America, and in early 1991 subcontracted the electric work to Wm. R. Clarke Corporation. Clarke obtained a payment bond from California Bonding and Insurance Company (CBIC), then purchased $208,000 worth of materials from three suppliers.[1] Several months later, the property owner stopped paying Keller, after which Keller stopped paying Clarke, after which Clarke failed to pay the suppliers. In September 1992, Clarke filed a chapter 11 bankruptcy petition. At some point, the suppliers filed creditors' claims for the $208,000 owed to them by Clarke.

Mechanic's liens were recorded and lawsuits were filed, including this action by Clarke against Safeco to recover on Keller's payment bond. On August 2, 1993, a judgment was entered in favor of Clarke in the principal amount of $837,000 (including prejudgment interest, with interest to continue to accrue at the rate of 10 percent per annum). On August 12, Safeco appealed and posted an appeal bond (issued by General Insurance Company of America in the amount of $1.2 million). A few months later, the suppliers assigned to Keller their right to collect the amounts they were owed by Clarke. In November, Keller filed a separate lawsuit against Clarke's surety to recover on Clarke's payment bond.

In 1997, Clarke's judgment against Safeco was affirmed. (*Wm. R. Clarke Corp. v. Safeco Ins. Co.* (1997) 15 Cal.4th 882 [64 Cal.Rptr.2d 578, 938 P.2d 372].) On October 9, 1997, Safeco paid $892,000 to Clarke, an amount arrived at by first subtracting $208,000 (the amount owed to the suppliers) from the principal amount of the judgment ($837,000), then calculating the

---

[1]For convenience, we have rounded off the figures in the text. The figures in the footnotes, *post,* are as stated by the parties. We have not checked their arithmetic.

amount of postjudgment interest to the date of payment.[2] In February 1998, the bankruptcy court *noted* (1) that the suppliers had (in 1997) assigned their creditors' claims to Safeco and (2) that Safeco had (later in 1997) "offset the full amount of the claims . . . against the state court judgment in favor of [Clarke]," and then *found* that, "[b]y virtue of Safeco's offset, the [suppliers'] claims . . . have been paid in full and need not be paid again by [Clarke] under the plan of reorganization . . . ."

In April 1998, Clarke filed a motion for judgment on the appeal bond, claiming that a balance of $94,000 in unpaid interest remained due under the judgment. (Code Civ. Proc., § 996.440.)[3] The problem, said Clarke, was that Safeco had calculated the postjudgment interest only after it first deducted the offset from the principal amount due (thereby reducing the amount subject to the interest calculation). Instead, said Clarke, the interest should have been calculated first (on the full amount of the judgment, including interest accrued to the date of payment), before the deduction was made for the offset. Safeco, in turn, filed a motion in which it asked the trial court to compel Clarke to acknowledge that Safeco's earlier payment constituted a full satisfaction of the judgment. (§ 724.050.) Clarke's motion was granted, Safeco's motion was denied, and a judgment enforcing the appeal bond was entered in Clarke's favor. Safeco and General Insurance appeal.[4]

### DISCUSSION

 Safeco contends the offset was properly deducted before the interest due on the judgment was calculated and that, as a matter of law, the trial court erred. We disagree.

### A.

 Implicit in Safeco's contention is its assumption that the trial court decided an issue of law. That is not so. The right to a setoff is not absolute

---

[2] In a letter from Safeco's lawyer to Clarke's lawyer, the calculation was spelled out this way:

| | |
|---|---|
| Principal Judgment | $698,631.00 |
| Costs Awarded | $ 883.00 |
| Pre-Judgment Interest | $137,785.56 |
| Offset | ($208,610.00) |
| Total Judgment | $628,689.56 |
| Interest Per Year at 10% | $ 62,868.96 |
| Interest Per Day | $ 172.24 |
| Total Accrued Post-Judgment Interest | $261,465.76 |
| TOTAL VALUE OF JUDGMENT | $890,155.32 |

[3] All section references are to the Code of Civil Procedure.

[4] Subsequent references to Safeco include General Insurance.

and may be restricted when the failure to do so would be inequitable. (*Advance Industrial Finance Co. v. Western Equities, Inc.* (1959) 173 Cal.App.2d 420, 426-427 [343 P.2d 408] [a claim held by assignment does not as a matter of law give rise to setoff rights, and the assignee's right to an offset may be denied in certain instances]; *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 4-5 [177 Cal.Rptr. 803]; *Federal Deposit Ins. Corp. v. Bank of America* (9th Cir. 1983) 701 F.2d 831, 836-837; see also *Harrison v. Adams* (1942) 20 Cal.2d 646, 650 [128 P.2d 9] [in determining whether to allow the equitable right of setoff, a court will consider the positions of the real parties in interest].) It follows that the trial court's decision was one subject to an exercise of its equitable powers, and that the only issue before us on this appeal is whether that discretion was so abused that it resulted in a manifest miscarriage of justice. (*In re Marriage of Doud* (1986) 181 Cal.App.3d 510, 525 [226 Cal.Rptr. 423]; *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1504 [29 Cal.Rptr.2d 903]; see also *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) For the reasons explained below, we find no abuse of discretion.

## B.

██ To stay enforcement of the judgment pending its appeal, Safeco filed an appeal bond. (§ 917.1.) Since the judgment was affirmed, Safeco was obligated to pay the amount due within 30 days after the Supreme Court filed its remittitur. Upon Safeco's failure to satisfy the judgment in its entirety within the permitted time, Clarke (as the beneficiary of the bond) was entitled to enforce liability on the bond either (1) in a new action against both Safeco and its surety or (2) by a motion in the existing action. (§§ 996.410, subd. (a), 996.430, subd. (a), 996.440; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1999) ¶ 7:234, p. 7-44.) Clarke selected the motion option and explained in its moving papers that Safeco had improperly applied the $208,000 offset to the principal amount of the judgment, thereby reducing by $94,000 the amount of the postjudgment interest due to Clarke. As a result, contended Clarke, Safeco's October 1997 payment constituted a "partial satisfaction" of the judgment— with Safeco applying its offset in a manner that was inconsistent with section 695.220.[5]

By doing what Safeco did, explained Clarke, Safeco got a much greater benefit (at Clarke's expense) than justified by the payment Safeco or Keller

---

[5]In an exhibit to its moving papers, Clarke's calculation was spelled out this way:

| | |
|---|---|
| Judgment (Principal, Interest and Costs) | $ 837,299.56 |
| Interest Per Year at 10% | $ 83,729.96 |
| Interest Per Day | $ 229.40 |
| TOTAL AMOUNT OF JUDGMENT ON 10/9/97 | $1,187,589.05 |

made when the suppliers' claims were assigned to Keller. This is so, says Clarke, because the application of the offset to the principal amount of Clarke's judgment reduced Safeco's total obligation to Clarke by $94,000—so that, with the offset, Safeco was (1) reimbursed for the $208,000 it paid to the suppliers, and (2) given a $94,000 bonus. Clarke's analysis is supported by section 695.220 which provides, as relevant, that "[m]oney received in satisfaction of a money judgment . . . is to be credited . . . against the accrued interest that remains unsatisfied," and it is only the "remaining money" that can then be "credited against the principal amount of the judgment . . . ." (§ 695.220, subds. (c), (d); see also § 685.030, subd. (c) [if "a money judgment is . . . partially satisfied, interest ceases to accrue as to the part satisfied on the date the part is satisfied"].)

The trial court agreed with Clarke, explaining that there was no admissible evidence to suggest "there was any enforceable election to offset [the $208,000] at the time the judgment was entered, which was August . . . 1993. [O]ne can't really have it both ways and hold out the prospect of collection by Safeco [by way of Keller's suit against Clarke's surety] and yet say that there is an existing offset. Secondly, the right to claim the amounts as offset was not adjudicated until [February 1998] in the bankruptcy court. And so as I understand the chronology, those amounts could not have been claimed as offset until that ruling by the court. [¶] And third[,] under [section] 685.030, subsection (c), Safeco did not partially satisfy the judgment until after October 9, 1997, when it gave up the right to collect on its offsets [by setting off the $208,000 against the amount owed to Clarke]." (See *Offer v. Superior Court* (1924) 194 Cal. 114, 117 [228 P. 11] [a surety who pays the debt must " 'actively assert his equitable right thereto' " in order to gain a right of subrogation].)[6]

| | |
|---|---|
| Payment Received 10/9/97 | ($891,877.72) |
| Unpaid Principal (Payment allocated first to accrued interest and costs) | $295,711.33 |
| Offset | ($208,600.00) |
| Unpaid Principal After Offset | $ 87,111.33 |
| Costs on Appeal | $ 2,854.02 |
| Unpaid Principal After Partial Satisfaction | $ 89,965.35 |
| Interest Per Year at 10% | $ 8,996.54 |
| Interest Per Day | $ 24.65 |
| Accrued Interest to Date of Motion | $ 4,757.45 |
| UNPAID JUDGMENT ON DATE OF MOTION | $ 94,722.80 |

[6]We summarily reject Safeco's contention that the bankruptcy court "recognized the right of Safeco, as Keller's surety, to offset the [suppliers'] claims . . . ." The evidence does not support that conclusion. The bankruptcy court considered the offset in February 1998—months *after* Safeco had allocated the offset to the principal amount of Clarke's judgment—

## C.

Safeco has made no effort at all to suggest how, on the facts of this case, the trial court's decision could possibly constitute an abuse of discretion. Instead, Safeco harps on (and on and on) about Clarke's "failure" to dispute the existence of Safeco's abstract right to offset the suppliers' claims, ignoring the fact that the existence of the right was not, and is not now the issue. The issues are (1) whether the manner in which Safeco exercised its right was equitable, and (2) whether the trial court's conclusion that it was not constitutes an abuse of discretion. For the reasons explained above, we agree with the trial court that the manner in which Safeco exercised its right to an offset was not equitable. It follows that we find no abuse of discretion by the trial court.

### DISPOSITION

The judgment is affirmed. Clarke is awarded its costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.

A petition for a rehearing was denied March 7, 2000, and the petition of defendants and respondents for review by the Supreme Court was denied May 10, 2000.

---

and simply noted that Safeco had, in fact, offset the suppliers' claims against the judgment. The only thing the bankruptcy court "determined" was that the suppliers' claims had been paid and that, therefore, they did not have to be paid out of Clarke's bankruptcy estate. We also reject Safeco's contention that this is a case of "cross-demands for money" within the meaning of section 431.70 and that, therefore, Safeco's right to an offset was "automatic." By its express terms, section 431.70 applies only to cross-demands for money between parties to the same lawsuit, and then only when the right to a setoff is raised as a defense. (Cf. *Kruger v. Wells Fargo Bank* (1974) 11 Cal.3d 352, 362 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 1266].) Safeco did not raise the offset issue as a defense or at all until it was time to pay Clarke's judgment.