Filed 1/22/25  Federal National Mortgage Association v. DeSmidt CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAMERON RICHARD DESMIDT,<br><br>    Defendant and Appellant. | E082682<br><br>(Super. Ct. No. SWC1701138)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.

Affirmed.

Law Offices of Ronald H. Freshman, Ronald H. Freshman, for Defendant and

Appellant.

Aldridge Pite, Laurel I. Handley, Diala Debbas, and Timothy R. Pomeroy, for

Plaintiff and Respondent.

1

## I.

## INTRODUCTION

In this unlawful detainer action, defendant and appellant, Cameron DeSmidt appeals the trial court's orders (1) denying his request for restitution, (2) denying his motion for a new trial, and (3) dismissing with prejudice this action filed against him. We find no error and affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, DeSmidt took out a mortgage for about $367,000, for a property in Murrieta. DeSmidt stopped making payments on the mortgage in December 2008. The property was eventually foreclosed on in a trustee's sale in February 2017. By that time, DeSmidt was nearly $600,000 in arrears on the loan, yet he remained in possession of the property.

Plaintiff and respondent, Federal National Mortgage Association aka "Fannie Mae" thus filed this unlawful detainer action against DeSmidt in July 2017. Not long after DeSmidt answered the complaint, Fannie Mae moved for summary judgment. The trial court granted the motion, entered a judgment of possession for Fannie Mae, and then issued a writ of possession, which was enforced by a Sheriff's lockout in February 2019. DeSmidt vacated the property and Fannie Mae took possession of it. DeSmidt appealed to the Appellate Division of the Riverside Superior Court, but he did not move to stay the judgment.

In November 2020, the Appellate Division reversed the judgment of possession for Fannie Mae. The court held that there was a triable issue of fact as to whether Fannie Mae was "the rightful beneficiary with authority to foreclose" and pursue the unlawful detainer action. The court therefore found the case had to be "remanded for trial."

On remand, DeSmidt filed a motion for restitution in July 2021. DeSmidt sought possession of the property and nearly $130,000 in damages allegedly caused by his eviction from the property. The trial court denied the motion.[1]

After the case was reclassified as an unlimited civil matter, DeSmidt moved again for restitution in November 2021, this time seeking only possession of the property. The trial court denied the motion on the ground that "it would be inequitable to reinstate the possession of the property to [DeSmidt]." The court so found because DeSmidt "was over half a million dollars in arrears on the property before the foreclosure sale" and "had not made a mortgage payment since November 1, 2008."

Fannie Mae then moved again for summary judgment. The trial court denied the motion as moot because "[t]he only issues in an unlawful detainer action are possession and holdover damages and/or unpaid rent," but Fannie Mae already had possession of the property and was no longer seeking damages. The court noted that "possession is no longer at issue" because Fannie Mae obtained a judgment of possession for the property that, although later reversed, DeSmidt did not move to stay. The trial court thus directed

---

[1] The record is silent as to the court's reasons for denying the motion. The record only includes a minute order stating the motion is denied without prejudice.

Fannie Mae to move to dismiss the case since possession and damages were no longer at issue. A few weeks later, the trial court entered an order dismissing the case with prejudice.

DeSmidt then moved for a new trial under Code of Civil Procedure section 657 (section 657), challenging the trial court's order denying him restitution. DeSmidt argued the trial court erred by finding "possession is not at issue." According to DeSmidt, possession remained at issue and had to be decided at trial given the Appellate Division's opinion reversing and remanding the trial court's order granting summary judgment to Fannie Mae. The trial court denied the motion, and DeSmidt timely appealed.[2]

III.

DISCUSSION

DeSmidt contends the trial court erroneously denied his motion for restitution, dismissed the case with prejudice, and denied his motion for a new trial. We disagree.

A. *Restitution*

In general, when a judgment is reversed on appeal, the appellant is entitled to restitution for all things lost by reason of the judgment, unless restitution would be inequitable. (*Levy v. Drew* (1935) 4 Cal.2d 456, 459; *Stockton Theatres, Inc. v. Palermo* (1953) 121 Cal.App.2d 616, 619 (*Stockton Theatres*).)

_____

[2] The trial court did not enter a signed, written order dismissing the case until we ordered DeSmidt to file a copy of a signed order of dismissal after he appealed. DeSmidt timely complied with our order by requesting and obtaining a signed dismissal order from the trial court and filing it in this court. We liberally construe DeSmidt's notice of appeal as timely appealing from the trial court's signed dismissal order.

4

These principles apply in the unlawful detainer context. (See e.g., *Stockton Theatres*, *supra*, 121 Cal.App.2d at p. 619; *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 658 (*Munoz*).) As relevant here, when a landlord who has secured a writ of possession evicts a tenant before the appellate rights of the tenant have been exhausted, the landlord assumes the risk it will be subject to a full accounting and restitution if the judgment granting the writ of possession is reversed on appeal. (*Erickson v. Boothe* (1954) 127 Cal.App.2d 644, 649.) The tenant can recover restitution "in the underlying unlawful detainer action when a judgment for the landlord is reversed *or* in a separate [breach of contract] action instituted to recover losses incurred as a result of a reversed judgment." (*Munoz*, *supra*, at p. 658.)

Whether the tenant may recover restitution, however, is an equitable determination that is left to the trial court's sound discretion. (*Munoz*, *supra*, 195 Cal.App.4th at pp. 655-656; *Stockton Theatres*, *supra*, 121 Cal.App.2d at p. 632.) We therefore will not reverse a trial court's ruling granting or denying restitution unless the ruling is a manifest abuse of discretion that amounts to a miscarriage of justice. (*Munoz*, *supra*, at p. 662; *Wm. R. Clarke Corp. v. Safeco Ins. Co. of America* (2000) 78 Cal.App.4th 355, 359.)

The trial court did not abuse its discretion here. By the time DeSmidt moved for restitution, Fannie Mae had possessed the property for nearly 2.5 years since DeSmidt did not obtain a stay of the judgment of possession for Fannie Mae while he appealed. The trial court was well within its discretion in determining that ordering possession of the property for DeSmidt would be inequitable. (See *Munoz*, *supra*, 195 Cal.App.4th at p.

658 ["[I]n most [unlawful detainer cases]," courts are loathed "to reinstate a tenant's right to possession after years have gone by"].)

The trial court likewise acted well within its discretion by finding DeSmidt was not entitled to monetary damages as restitution. Although the record is silent as to why the trial court denied DeSmidt's request for monetary damages, the trial court could have reasonably found that awarding him damages would have been inequitable. As the court later observed in denying him possession of the property as restitution, DeSmidt stopped making payments on the mortgage in late 2008, meaning that he had not paid a single mortgage payment for over eight years by the time he was evicted. At that point, he was nearly $600,000 in arrears on the loan. The trial court thus could have reasonably found that, although there remained a question as to whether Fannie Mae had the authority to foreclose on the property and file this unlawful detainer action, there was no question that DeSmidt was not entitled to remain in the property. As a result, the trial court could have reasonably found that it would have been inequitable to award DeSmidt damages he allegedly suffered from being evicted—from a property he had effectively lived in for free for over eight years.

B. *Dismissal*

DeSmidt next argues the trial court erred by dismissing the case after finding that "possession is no longer at issue." We disagree.

"An unlawful detainer action is a summary proceeding" where "[t]he sole issue before the court is the right to possession." (*Vasey v. California Dance Co.* (1977) 70

6

Cal.App.3d 742, 746-747.)  It follows that there is nothing left that the court *must* decide once possession of the property has been determined.  (See *ibid*.)

DeSmidt was evicted pursuant to a judgment of possession for Fannie Mae, which DeSmidt did not move to stay while he appealed.  Even though the judgment was later reversed, possession of the property—the only thing at issue in this unlawful detainer action—had nonetheless been decided for purposes of *this* case.  (See *Boyd v. Carter* (2014) 227 Cal.App.4th Supp. 1, 11 fn 5. ["This summary unlawful detainer proceeding concerned the right to possession of the premises, a matter that is no longer in issue because the Carters were forcibly evicted.  The judgment having been reversed, the parties remain free to litigate any claims for damages arising from their lease or landlord/tenant relationship."].)  Because there was nothing left for the trial court to decide after Fannie Mae dropped its request for damages, the trial court properly dismissed the case with prejudice.

C. *Motion for New Trial*

DeSmidt moved for a new trial on the ground that the court erroneously dismissed the case with prejudice after finding that "possession is no longer at issue."  Because we find no error in that decision, we likewise find that the trial court properly denied DeSmidt's motion for a new trial.

IV.

DISPOSITION

The trial court's order dismissing this case with prejudice is affirmed.  Fannie Mae

may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON     
J.

We concur:


RAMIREZ     
     P. J.


FIELDS     
     J.